1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                          **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12   CARLO A. CARRION,              )      No. CV 13-507-VAP(CW)
                                    )
13                  Plaintiff,      )      MEMORANDUM AND ORDER
                                    )      DISMISSING COMPLAINT
14            v.                    )      WITH LEAVE TO AMEND
                                    )
15   MICHELLE THOMAS, et al.,       )
                                    )
16                  Defendants.     )
     _____)

17

18        The pro se plaintiff is seeking to proceed in forma pauperis on a

19   civil rights complaint.  His complaint was lodged on January 23, 2013,

20   and was filed on January 30, 2013 (as docket no. 5), pursuant to the

21   court's Order re Leave to File Action Without Prepayment of Full

22   Filing Fee (docket no. 4).  For reasons discussed below, the complaint

23   is dismissed with leave to amend.[1]

24

25

26   _____

27        [1]  Plaintiff's previous requests to file the same or a similar
     complaint without prepayment of the filing fee were denied in Carrion
28   v. County of Los Angeles, CV 09-5781-UA, and Carrion v. Los Angeles
     County, CV 10-5197-UA.

                                     1

## I.  **STANDARD OF REVIEW**

Complaints such as Plaintiff's are subject to the court's <u>sua sponte</u> review under provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  <u>See</u> 28 U.S.C. § 1915A(a).  The court shall dismiss such a complaint, at any time, if the court finds that it (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant immune from such relief.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27 and n.7 (9th Cir. 2000)(en banc); 28 U.S.C. § 1915(e)(2)(B)(<u>in</u> <u>forma</u> <u>pauperis</u> complaints).

PLRA review for failure to state a claim applies the same standard applied in reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  <u>See</u> <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).  A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a claim for relief.  <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  "In deciding such a motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them."  <u>Id.</u>  "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  <u>Johnson v. Riverside Healthcare System</u>, 534 F.3d 1116, 1121 (9th Cir. 2008)(<u>quoting</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990)).  A complaint may also be dismissed for failure to state a claim if it discloses a fact or defense that necessarily defeats the claim.  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228-29 (9th Cir. 1984) (<u>citing</u> 2A Moore's <u>Federal Practice</u> ¶ 12.08).

Possible failure to state a claim is reviewed under the pleading

1    standard of Fed. R. Civ. P. 8(a)(2), which requires a "short and plain
2    statement of the claim showing that the pleader is entitled to
3    relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S. Ct. 1937,
4    173 L. Ed. 2d 868 (2009)("Iqbal"). The Rule 8 pleading standard "does
5    not require detailed factual allegations," but does require more than
6    merely "labels and conclusions or a formulaic recitation of the
7    elements of a cause of action." Iqbal, 556 U.S. at 678 (citations and
8    internal quotation marks omitted). Instead, "a complaint must contain
9    sufficient factual matter, accepted as true, to state a claim to
10   relief that is plausible on its face." Id. (citations and internal
11   quotation marks omitted). "A claim has facial plausibility when the
12   plaintiff pleads factual content that allows the court to draw the
13   reasonable inference that the defendant is liable for the misconduct
14   alleged." Id. This plausibility standard is not a probability
15   requirement, but does ask for more than mere possibility. Id.

16       In Iqbal, the Supreme Court applied a two-pronged approach to
17   reviewing possible failure to state a claim. Id. at 678-81. First,
18   the reviewing court may identify statements in a complaint that are
19   actually conclusions, rather than factual allegations, and, as such,
20   are not entitled to a presumption of truth. Id. at 678-79. It is the
21   statements' conclusory nature, rather than any fanciful or nonsensical
22   nature, "that disentitles them to the presumption of truth." Id. at
23   681. Second, the court presumes the truth of any remaining "well-
24   pleaded factual allegations," and determines whether these allegations
25   and reasonable inferences from them plausibly support a claim for
26   relief. Id. at 679-80; see also Starr v. Baca, 652 F.3d 1202 (9th
27   Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012); Hydrick v. Hunter,
28   669 F.3d 937, 940-41 (9th Cir. 2012)(discussing Iqbal and Starr).

1    If the court finds that a complaint should be dismissed for

2  failure to state a claim, the court may dismiss with or without leave

3  to amend.  <u>Lopez</u>, 203 F.3d at 1126-30.  Leave to amend should be

4  granted if it appears that defects can be corrected, especially if the

5  plaintiff is <u>pro</u> <u>se</u>.  <u>Id.</u> at 1130-31; <u>see</u> <u>also</u> <u>Cato v. United States</u>,

6  70 F.3d 1103, 1106 (9th Cir. 1995).  If, after careful consideration,

7  it is clear that a complaint cannot be cured by amendment, the court

8  may dismiss without leave to amend.  <u>Cato</u>, 70 F.3d at 1107-11.

9                    **II.  <u>PLAINTIFF'S CLAIMS</u>**

10    Plaintiff has submitted a 176 page complaint, with supplemental

11  material, naming over twenty defendants and asserting scores of legal

12  claims.  It is almost impossible to derive a clear and simple

13  statement of the underlying facts from Plaintiff's complaint, but the

14  factual basis for his claims appears to be that he was arrested in an

15  incident that occurred on August 6, 2004, and, after lengthy

16  proceedings (apparently) ultimately entered a guilty plea, which he

17  later sought unsuccessfully to withdraw.  Plaintiff names as

18  defendants the County of Los Angeles, various county agencies, judges,

19  prosecutors, public defenders and police officers.  He asserts federal

20  civil rights claims, state tort claims, and a series of claims citing

21  federal and state criminal statutes.  He seeks damages, the reversal

22  of his state conviction, and an official investigation of his case.

23                  **III.  <u>GROUNDS FOR DISMISSAL</u>**

24    The complaint contains multiple defects, and is subject to

25  dismissal on several grounds.

26    First, Plaintiff has failed to provide the "short and plain

27  statement" of his claim required under Fed. R. Civ. P. 8(a)(2).  If

28  Plaintiff seeks to proceed in this action he must include in his

                                   4

1    complaint a simple and straightforward statement of his factual

2    allegations (apart from his legal claims or arguments), so that the

3    court can clearly see what exactly Plaintiff alleges happened.

4    Without this, the court cannot even begin to apply the standard of

5    Ashcroft v. Iqbal to determine whether Plaintiff's factual allegations

6    plausibly support his legal conclusions.  However, even without a

7    clear statement of facts, certain other fundamental defects in

8    Plaintiff's complaint are evident, as discussed below.

9         Second, Plaintiff attempts to sue certain defendants who are

10   immune from suit.  Thus, Plaintiff has named as defendants, a number

11   of judges who were involved in his superior court case.  However,

12   judges are absolutely immune from suit for acts performed in a

13   judicial capacity.  See Antoine v. Byers & Anderson, Inc., 508 U.S.

14   429, 435 & n.10, 113 S. Ct. 2167, 124 L. Ed. 2d 391 (1993); Mireles v.

15   Waco, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)(per

16   curiam); Stump v. Sparkman, 435 U.S. 349, 357-60, 98 S. Ct. 1099, 55

17   L. Ed. 2d 331 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.

18   1986)(en banc).  Judicial immunity bars suit even if a judge is

19   accused of acting in bad faith, maliciously, corruptly, erroneously,

20   or in excess of jurisdiction.  Mireles, 502 U.S. at 11-13.  Plaintiff

21   also appears to have named several prosecutors as defendants.

22   However, prosecutors are entitled to absolute immunity from civil

23   rights suits for damages based on their activities as legal advocates

24   on behalf of the state in criminal proceedings.  See Buckley v.

25   Fitzsimmons, 509 U.S. 259, 272-73, 113 S. Ct. 2606, 2615, 125 L. Ed.

26   2d 209 (1993); Imbler v. Pachtman, 424 U.S. 409, 430-31, 96 S. Ct.

27   984, 995, 47 L. Ed. 2d 128 (1976).

28        Third, Plaintiff asserts claims under a number of federal and

5

state criminal statutes, such as the California Penal Code and Title 18 of the United States Code.  These are criminal laws under which the government may prosecute defendants; they are not civil laws under which private plaintiffs may sue for damages.

Fourth, Plaintiff asserts federal civil rights claims against persons who are not proper defendants on such claims.  To assert a federal civil rights claim under 42 U.S.C. § 1983, a plaintiff must plead that a defendant, acting under color of state law, deprived the plaintiff of a right secured by the federal constitution or laws.  See, e.g., Ortez v. Washington County, 88 F.3d 804, 810 (9th Cir. 1996).  Plaintiff has named a number of public defenders as defendants, but public defenders are not considered persons "acting under color of law" for purposes of a § 1983 claim.  See Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing lawyer's traditional functions as counsel to defendant in criminal proceeding).

Fifth, Plaintiff seeks to invalidate his (apparently) outstanding state court conviction.  However, insofar as Plaintiff's claims, if true, would necessarily imply the invalidity of his outstanding conviction, he cannot bring a civil rights action unless and until he first invalidates the conviction on appeal, through a habeas action, or otherwise.  See Heck v. Humphrey, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

Despite these defects, Plaintiff may be able to amend his complaint in order to state claims not barred by the above defects, such as a claim that police officers subjected him to excessive force in arresting him.  In light of the liberal policies governing

amendment of <u>pro</u> <u>se</u> pleadings, Plaintiff will be given an opportunity
to amend the complaint in order to state a cognizable claim against a
proper defendant.

### IV. <u>ORDERS</u>:

It is therefore **ORDERED** as follows:

1.    The Complaint is dismissed with leave to amend.

2.    On or before March 22, 2013, Plaintiff may file a "First
Amended Complaint" which corrects the defects discussed above and
complies with the following requirements:

(a)   The "First Amended Complaint" must bear the present case number
      "CV 13-507-VAP(CW)."

(b)   It must be complete in itself and may not incorporate by
      reference any part of any prior complaint.

(c)   Plaintiff may not use "et al." in the caption on page one, but
      must name each defendant against whom claims are stated in the
      First Amended Complaint.  (The clerk uses the caption to make
      sure that defendants are correctly listed on the docket.)

(d)   Plaintiff may not add new parties without the court's permission.

3.    If Plaintiff files an amended complaint, the court will
issue further orders as appropriate; if not, the magistrate judge will
recommend that this action be dismissed, without prejudice, for
failure to prosecute and/or failure to comply with court orders, as
well as for the reasons stated above.

4.    The clerk shall serve this Memorandum and Order on
Plaintiff.

5.    The court again advises Plaintiff to consider seeking
assistance from the Federal "Pro Se" Clinic in this district.   The
Clinic offers on-site information and guidance to individuals who are

1  representing themselves in federal civil actions.  The Clinic is

2  administered by a non-profit law firm, Public Counsel, not by the

3  court.  The Clinic is located in the United States Courthouse, at 312

4  N. Spring Street, Room 525, 5th Floor, Los Angeles, CA 90012.  The

5  Clinic's regular hours are Mondays, Wednesdays, and Fridays, 9:30 a.m.

6  – 12:00 p.m., and 2:00 p.m. – 4:00 p.m.  Much useful information is

7  also available on the Clinic's website at www.cacd.uscourts.gov/ProSe.

8

9  DATE:  February 20, 2013

10

11  _____

12                      CARLA M. WOEHRLE
                        United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8